## GALLAGHER & BURTON, Inc., v. SCHENLEY DISTRIBUTORS, Inc., et al.

### No. 792.

District Court, E. D. Pennsylvania.

Sept. 10, 1940.

Leon Edelson, of Philadelphia, Pa., for plaintiff.

Saul, Ewing, Remick & Saul, and Wm. E. Mikell, Jr., all of Philadelphia, Pa., for defendants.

KIRKPATRICK, District Judge.

The plaintiff's exclusive right to use the trademark involved is one element of its cause of action. The defendants' invasion of that right by an infringing use is the other. This motion seeks to obtain a more definite statement of the origin and history of the right which the plaintiff claims.

As to the period from 1933 to the present time, the complaint is sufficiently explicit. The averments are that in that year the plaintiff was incorporated and from the date of its incorporation used the trademark in connection with its business and the sale of its goods continuously and in a manner to invest it with the exclusive right which it claims.

However, it is not possible to tell from the complaint whether the plaintiff is basing his right entirely on user since its incorporation in 1933, or whether it claims the right by succession to the corporation dissolved in 1926. This is not merely a question of dates, but involves the nature of the plaintiff's right. I do not see how the defendants can well prepare their responsive pleadings without knowing definitely by what right the plaintiff claims. This Court has, in a great many cases, denied applications for bills of particulars on the ground that the information asked for was easily obtainable through discovery procedure. An exception to the general rule, however, is where the information is necessary to enable the defendant to determine what its course of defense will be and to prepare a responsive pleading. This,

I think, is such a case. If the plaintiff claims no rights whatever other than such as were acquired by user since 1933, it will be a simple matter to say so. If it claims, by succession to some other corporation or persons, a right originating before it came into existence, then the defendants are entitled to know whether the plaintiff claims that it acquired such right by operation of law without any instrument of transfer, or whether there is some chain of title by way of assignments or similar contracts, and if so exactly what they are.

The motion for bill of particulars, paragraph 2, subparagraphs (a), (b), (c), (d), and (e) is granted. The part of the motion contained in paragraph 1 and its subparagraphs is denied. That information is not essential to determining the nature of the cause of action and can be obtained by discovery.